

**FILED**
**Aug 06, 2020**
**02:14 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT KNOXVILLE

| | | |
|---|---|---|
| JOSEPH JUSTUS,<br>    Employee, | ) | Docket No 2019-03-1588 |
| v. | ) | |
| CHARLES BLALOCK & SONS, INC., | ) | State File No. 75077-2018 |
| | ) | |
|     Employer, | ) | |
| and | ) | |
| TRAVELERS INSURANCE<br>COMPANY, | ) | Judge Robert Durham |
|     Carrier. | ) | |

---

## EXPEDITED HEARING ORDER
## DENYING BENEFITS

---

This case came before the Court on July 29, 2020, for an Expedited Hearing. Mr. Justus sought medical and temporary disability benefits for a back injury he allegedly sustained after a saw "kicked back" into his face, severely cutting his chin and causing him to fall. The Court holds that Mr. Justus failed to introduce any medical evidence causally relating his back condition to his work injury. Thus, the Court denies his claim for benefits at this time.

### History of Claim

On November 20, 2019, Mr. Justus suffered a severe facial laceration when a pipe saw "kicked back" and struck him from his chin to his nose. He testified that the impact caused him to fall backward onto his right side.

Mr. Justus's supervisor, David Hale, immediately took him to the emergency room to treat the gash on his face. Mr. Justus testified, and Mr. Hale confirmed, that he complained of low back pain at the hospital. However, the records do not reference any low-back complaints.

1

At home that evening, Mr. Justus took medicine for his back pain and went to bed. He testified he woke the next morning in severe pain.

Later that day, he met with Sharon Lindsey, Charles Blalock's Claims Coordinator, to provide a written report and sign forms, including a Choice of Physician form where he chose AFC Urgent Care. His report did not mention a back injury; however, he claimed that he told Ms. Lindsey about it. She denied this and said she saw no signs that Mr. Justus was suffering from low back pain during their meeting.

Five days later, Mr. Justus returned to AFC for suture removal and complained of back pain and right-leg numbness. AFC did not provide care or testing for his low back but recommended that he seek treatment with his primary care physician.

After removing his stiches, AFC released Mr. Justus to return to work. Charles Blalock asserted they sent a letter to Mr. Justus the next day asking that he return, but he never responded. Mr. Justus admitted that he did not reach out to Charles Blalock about returning because he felt he could not do so because of his back and right leg symptoms. He also conceded that he did not communicate any further with AFC or Charles Blalock about treatment for his low back until his attorney requested a panel some months later.

Following his release by AFC, Mr. Justus sought unauthorized treatment at University of Tennessee Medical Center for his back and notified Mr. Hale. Mr. Hale referred him to Ms. Lindsey, who informed him that Charles Blalock was denying his low back claim due to a pre-existing condition.

In January 2020, Mr. Justus sought further unauthorized treatment for his low back and right leg from Dr. Elmer Pinzon, who had treated Mr. Justus in 2011 for back pain, specifically left-sided radiculopathy. An MRI performed then had confirmed some degenerative changes, including a left-sided disc protrusion at L5-S1, but showed no other significant nerve root impingements. Dr. Pinzon had administered steroid injections that Mr. Justus said provided complete relief within weeks and had allowed him to lead an active life with no back symptoms or limitations until his November 20 work injury.

At the January 2020 visit, Dr. Pinzon reviewed a December MRI that showed a right-sided disc herniation at L4-5 with severe foraminal stenosis as well as some disc degeneration at multiple levels.

Ultimately, Dr. Pinzon referred Mr. Justus to neurosurgeon William Snyder, who performed a L4-5 discectomy in April. Dr. Snyder released Mr. Justus to full duty work on July 15 but has yet to place him at maximum medical improvement. Neither Dr. Snyder nor Dr. Pinzon provided an opinion as to the causal connection between Mr. Justus's radiculopathy and need for surgery and his work accident.

2

Mr. Justus's wife and sister-in-law also testified at the hearing. They confirmed that Mr. Justus was very active with no indication of back or leg pain before the November 20 accident. However, he became severely limited by pain immediately after the accident.

## Findings of Fact and Conclusions of Law

Mr. Justus must present evidence from which this Court can determine that he is likely to prove at trial that his back condition arose primarily out of and in the course and scope of his employment. *See McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015).

To do that, he must establish to a reasonable degree of medical certainty that his work accident contributed more than fifty percent in causing the need for medical treatment, considering all causes. Reasonable degree of medical certainty means "it is more likely than not considering all causes, as opposed to speculation or uncertainty." *See* Tenn. Code Ann. § 50-6-102(14). Given that the standard requires "medical certainty," causation must be established through expert medical opinion. *Id.* Mr. Justus provided no medical evidence as to causation, so he has not established that he is likely to prevail at trial on that issue.

At best, Mr. Justus may have established that Charles Blalock was obligated to provide him with a panel of physicians to treat his low back complaints under Tennessee Code Annotated 50-6-204(1)(A). However, given that he has undergone surgery and is approaching maximum medical improvement, that proverbial ship has sailed. Thus, Mr. Justus's request for reimbursement of medical expenses and past temporary disability benefits as well as future medical care for his low-back injury is denied at this time.

IT IS, THEREFORE, ORDERED that:

1. Mr. Justus's claim against Charles Blalock & Sons, Inc. and its workers' compensation carrier for the requested benefits is denied at this time.

2. This matter is set for a Scheduling Hearing on September 30, at 11:00 a.m. Eastern Time. The parties must call 615-253-0010 or 855-689-9049 toll-free to participate in the Scheduling Hearing. Failure to appear by telephone may result in a determination of the issues without the party's participation.

**ENTERED on August 6, 2020.**

3

**ROBERT DURHAM, JUDGE**
**Court of Workers' Compensation Claims**

## APPENDIX

Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Notice of Filing of Medical Records, filed April 24, 2020
4. Request for Hearing
5. Notice of Filing Medical Records of Dr. Elmer Pinzon
6. Notice of Filing a Complete List of Medical Providers and Copies of Medical Records, filed May 13, 2020
7. Notice of Filing a Complete List of Medical Providers and Copies of Medical Records, filed May 20, 2020
8. Objection to Expedited Hearing on the Record
9. Order Denying Request for a Decision Based Upon Review of the File and Granting Request for an In-Person Evidentiary Hearing
10. Joint Medical Record Chronological Table of Contents
11. Employer/Carrier's Position Statement
12. Joint Exhibit List for Expedited Hearing
13. Employer/Carrier's Witness List for Expedited Hearing
14. Employee's Witness List

The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

Exhibits:

1. Affidavit of Joseph Justus
2. Joint Medical Record Chronological Table of Contents and records of:
   o Dr. Elmer Pinzon, University Spine & Sports
   o LeConte Medical Center
   o AFC Urgent Care
   o Dr. William Snyder, Neurosurgical Associates
3. First Report of Work Injury, Form C-20
4. Wage Statement, Form C-41
5. Photographs of Employee
6. Itemization of Medical Expenses and Lost Time
7. Medical Expense of University Spine and Sports Specialist

8. Approval Letter of Cigna dated April 7, 2020

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as indicated on August _6th_, 2020.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| Glen B. Rutherford, Employee's Attorney | | | X | grutherford@knoxlawyers.com |
| Leslie F. Bishop, Employer's Attorney | | | X | lbishop@lewisthomason.com |

**PENNY SHRUM, Court Clerk**
WC.CourtClerk@tn.gov

6



<u>Expedited Hearing Order Right to Appeal:</u>

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____        ☐ Motion Order filed on _____

☐ Compensation Order filed on_____        ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s)** (Requesting Party): _____  ☐ Employer ☐ Employee

Address: _____  Phone: _____

Email: _____

Attorney's Name: _____  BPR#: _____

Attorney's Email: _____  Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*